# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION



| | |
|---|---|
| JIMMY FORDHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-093 |
| ) | |
| LAURENS COUNTY LAW ) | |
| ENFORCEMENT CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jimmy Fordham, an inmate at Georgia Diagnostic and Classification State Prison in Jackson, Georgia,[1] commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On October 12, 2011, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.)

In lieu of returning the required papers, Plaintiff wrote a letter to the Court explaining that he does not have $350.00 to pay the filing fee and requesting that his case be

---

[1]At the time he filed his complaint, Plaintiff was incarcerated at the Laurens County Law Enforcement Center, where the events giving rise to the complaint allegedly took place. (Doc. no. 1.)

"postponed" until he is released from prison and can pay the filing fee. (Doc. no. 4.) On November 18, 2011, the Court explained to Plaintiff that although he would be liable for paying the $350.00 filing fee, he need not pay the fee all at once, but he would need to return the required forms in order to pay the fee in installments. (Doc. no. 5, p. 2.) The Court denied Plaintiff's request to postpone his case and granted him fourteen (14) additional days to comply with the terms of the Court's October 12th Order. (Id.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's October 12, 2011 Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this /3th day of December, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2